[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**DECEMBER 12, 2003**
**THOMAS K. KAHN**
**CLERK**

No. 03-12591
Non-Argument Calendar

D.C. Docket No. 02-00662-CV-RWS-1

JEANNE SMITH,

Plaintiff-Appellant,

versus

J. SMITH LANIER & CO.,

Defendant-Appellee.

Appeal from the United States District Court for the
Northern District of Georgia

**(December 12, 2003)**

Before BLACK, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Jeanne Smith appeals the district court's grant of summary judgment to J.

Smith Lanier & Co. (JSL), in her lawsuit alleging failure to rehire or transfer after

her position was eliminated, in violation of the Age Discrimination in

Employment Act (ADEA), 29 U.S.C. § 621, *et seq.* The district court did not err in granting summary judgment to JSL. We affirm.

## I. BACKGROUND

On October 11, 2002, Bill Edwards, Vice-President of Human Resources and Administration for JSL, and Tom Yearian, Smith's supervisor, informed Smith her job was being eliminated. Smith claims she specifically asked Edwards for another position in the company during the meeting. She informed him she would take any position in the company and she was willing to relocate. Edwards, however, told Smith nothing was available for her at that time.

Smith admitted that, after her termination meeting, but prior to her last day of work, she possessed knowledge of several positions listed as vacant on JSL's corporate website. Smith, however, did not express specific interest in any of them. Moreover, Smith never submitted a formal application for another position at JSL at any time.

The district court found Smith failed to produce any evidence she applied for a job or put JSL on notice she was interested in a specific position. Accordingly, the district court issued an order granting summary judgment to JSL, from which Smith now appeals.

## II. DISCUSSION

We review a district court's grant of summary judgment *de novo*. *Turlington v. Atlanta Gas Light Co.*, 135 F.3d 1428, 1432 (11th Cir. 1998). In an ADEA case, we apply the following burden-shifting scheme. "Initially, the plaintiff must establish a *prima facie* case of discrimination. The employer then must respond with a legitimate, nondiscriminatory reason for its actions. In order to prevail, the plaintiff must establish that the employer's articulated legitimate, nondiscriminatory reason was a pretext to mask unlawful discrimination." *Id.* In a reduction-in-force (RIF) case and where a position is eliminated in its entirety:

> the plaintiff establishes a *prima facie* case [of age discrimination] by demonstrating (1) that she was in a protected age group and was adversely affected by an employment decision, (2) that she was qualified for her current position or to assume another position at the time of discharge, and (3) evidence by which a fact finder could reasonably conclude that the employer intended to discriminate on the basis of age in reaching that decision.

*Jameson v. Arrow Co.*, 75 F.3d 1528, 1531-32 (11th Cir. 1996). The ADEA, however, "does not mandate that employers establish an interdepartmental transfer program during the course of an RIF, . . . or impose any added burden on employers to transfer or rehire laid-off workers in the protected age group as a matter of course." *Id.* at 1532-33 (citations omitted). Rather, the ADEA simply provides that a discharged employee "who *applies* for a job for which she is qualified and which is available at the time of her termination must be considered

3

for that job along with all other candidates, and cannot be denied the position based upon her age." *Id.* at 1533 (emphasis added).

The question presented is whether Smith's October 11 statement of general interest in *any* job satisfies *Jameson*'s requirement that she apply for a job. In other words, we must decide whether Smith's general statement relieves her of the obligation to actually apply for a specific position.

The Sixth Circuit held that a plaintiff's failure to rehire claim failed where the plaintiff only expressed a general interest in being rehired and did not actually submit an application for a publicized open position. *Wanger v. G.A. Gray Co.*, 872 F.2d 142, 145-46 (6th Cir. 1989). Similarly, the Seventh Circuit held that, if an employer has a system of posting jobs and allowing employees to apply for them, an employee's failure to apply for a particular position prevents the employee from establishing a *prima facie* case of discrimination. *Box v. A&P Tea Co.*, 772 F.2d 1372, 1376 (7th Cir. 1985).[1]

---

[1] Smith relies on *Kehoe v. Anheuser-Busch, Inc.*, 96 F.3d 1095 (8th Cir. 1996), and *Binder v. Long Island Lighting Co.*, 57 F.3d 193 (2d Cir. 1995), *overruled on other grounds by*, *Fisher v. Vassar College*, 114 F.3d 1332 (2d Cir. 1997), for the proposition her failure to apply is not an absolute bar to her claim for age discrimination. Smith's case, however, is different than both *Kehoe* and *Binder*.

In *Kehoe*, the Eighth Circuit held a district court did not commit plain error when it failed to instruct the jury the plaintiff was required to apply for an open position as part of his *prima facie* case. 96 F.3d at 1105. The Eighth Circuit found the plaintiff's evidence was sufficient to support the jury's conclusion his employer discriminated against him because of his age, and therefore, no plain error occurred. *Id.* The court noted it would be inclined to hold that

4

We agree with the Sixth and Seventh Circuits. A general interest in being rehired without submitting an application is not enough to establish a *prima facie* case of age discrimination when the defendant-employer has publicized an open position.[2] Here, Smith knew of vacant positions, but she chose not to apply for any of them, even though she admitted she was neither dissuaded nor prevented by management from doing so. Moreover, Smith advances no evidence suggesting it was JSL's policy or practice to transfer individuals to vacant positions who had not first specifically applied for them.[3]

Smith cites *Carmichael v. Birmingham Saw Works*, 738 F.2d 1126, 1133

---

the application requirement should be excused in this case, as plaintiff's employer had a reason or duty to consider him for the job because the supervisors knew they were going to eliminate his position as a sports promotion coordinator at the same time they were surveying candidates for an available sports promotion coordinator. *Id.* at 1105 n.13. In contrast, Smith was the *only* proposal technician at JSL and none of the positions she identifies as possible transfers are similarly situated to the position she held before.

In *Binder*, the Second Circuit found the employee's failure to apply for positions through the formal process was not a bar to his age discrimination suit. 57 F.3d at 200-01. The court found the words and deeds of the vice president of human resources suggested to the employee that he did not need to apply for positions filled through the formal process because the vice president was already investigating those opportunities or because the employee could not be considered for those positions because it would violate the employer's underemployment policy. *Id.* Smith advances no similar evidence.

[2] Smith relies on *Beaver v. Rayonier, Inc.*, 200 F.3d 723 (11th Cir. 1999), as a case with similar facts where we found age discrimination. In that case, however, we did not discuss either the impact of vacant jobs being made known publicly or whether the plaintiff actually applied for any of the open positions. Thus, *Beaver* is not relevant to our analysis.

[3] We agree with the Sixth Circuit in *Wanger* that there are "limited situations" where an employee need not necessarily apply for a position before alleging discrimination. This case is not one of the "limited situations."

(11th Cir. 1984), to support her argument that JSL had some reason or duty to consider Smith for other positions, even though Smith never applied for those positions. *Carmichael*, however, involved a system where there was no formal notice of jobs, and the company relied on word of mouth and informal review procedures. There we found the plaintiff was not required to apply for a specific job, because he had no way of knowing about its availability. Here, JSL formally posts its vacant positions on the company's website or in local newspapers and requires an application be filed for the position. Smith knew about the availability of positions and chose not to formally apply. Thus, *Carmichael* is inapplicable.

## III. CONCLUSION

For the reasons stated, Smith fails to establish a *prima facie* case of discrimination. Accordingly, we hold that the district court did not err by granting JSL's motion for summary judgment.[4]

AFFIRMED.

---

[4] We do not address Smith's arguments that the district court erred by finding (1) she was required to show the open positions were similarly situated to her old position, and, (2) she failed to show she was qualified for the open positions, because we find she failed to apply for the open positions.