[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 19, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-10062
Non-Argument Calendar

_____

D. C. Docket No. 02-00496-CV-CO-S

JAMES BRUCE JONES,

Plaintiff-Appellant,

versus

BE&K ENGINEERING COMPANY,
a subsidiary of BE&K, Inc.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(August 19, 2005)

Before BIRCH, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

James Bruce Jones appeals the district court's grant of summary judgment to BE&K Engineering Company ("BE&K"), in his lawsuit alleging age discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.* For the following reasons, we conclude that the district court did not err in granting summary judgment to BE&K.

I. BACKGROUND

Jones, a fifty-nine year old man, was discharged by BE&K, a privately held design-firm, in a reduction-in-force (RIF) on September 18, 2001. Jones worked for BE&K for approximately twenty-two years. Jones spent most of those years in BE&K's Mechanical Service Department designing HVAC, plumbing, and fire protection equipment. Though Jones is not a degreed engineer, in addition to his on-the-job experience, he had taken several engineering courses at Auburn University.

At the time of the layoff, Jones worked alongside three other employees in the department: (1) Billy Martin, also a HVAC designer; (2) David Lowery, a professional engineer; and (3) Greg Vu, an engineer. Martin, a longtime employee in the protected age group,[1] was also terminated as part of the RIF, whereas Lowery and Vu were retained.[2] Vu, a substantially younger employee, recently

---

[1] The ADEA limits its protection to those who are 40 or older. 29 U.S.C. § 631(a).

[2] Lowery was also in the protected age group.

had earned his engineering degree and had completed three of the four steps to becoming a professional engineer. Steve Fleming was the manager of the Mechanical Services Group and reported to A.C. Bogaty, who was the manager of Design Engineering and the one who made the decision to terminate Jones.

Due to adverse economic conditions, BE&K had been experiencing a reduction in the workload for its HVAC department. In addition, BE&K's clients were increasingly demanding that BE&K employ degreed engineers in various key areas of the projects. Thus, in response to client demand, the department was moving in the direction of exclusively using degreed engineers. Bogaty determined that it was more cost-efficient to eliminate the HVAC design positions and subcontract out such work and to continue to hire new engineers throughout the department for other types of work.

Jones, along with his co-worker Martin, filed age discrimination complaints against BE&K, alleging that their discharge was based on their age, and that their positions were filled by a younger employee. In accordance with the BE&K handbook, their cases were sent together to arbitration. At the arbitration hearing, Bogaty testified that he did not intend to discriminate against older employees, but that the company did its best to bring in a "young engineer periodically."

Fleming testified that BE&K decided to keep George Vu because Vu had an engineering degree, which made him more valuable to the company. At the

hearing, Fleming was asked about his deposition testimony, wherein he stated that "George Vu was a young engineer with a lot of potential, and [BE&K decided to] retain his capability for a number of different reasons, flexibility for one." He clarified at the hearing that neither Vu's age nor Jones's age was a factor in the decision to fire Jones and that he meant "young" as a descriptive term.

After the completion of the arbitration hearing, the Arbitrator denied both claims. Jones subsequently filed a motion to reopen the case, which was granted by the district court. BE&K then filed for summary judgment. In support of its motion, BE&K submitted Bogaty's affidavit, which revealed that out of the employees retained in the Mechanical Services Department after Jones' layoff, seventy-four percent of the employees were forty or older, and thirty-seven percent were fifty or older. The district court granted BE&K's summary judgment motion. Jones now appeals.

## II. DISCUSSION

We review *de novo* the district court's order granting summary judgment. *Jameson v. Arrow Co.*, 75 F.3d 1528, 1531 (11th Cir. 1996). Summary judgment is appropriate where there is no genuine issue of material fact. Fed.R.Civ.P. 56(c).

The ADEA makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment

because of such individual's age." 29 U.S.C. § 623(a)(1). A plaintiff may establish a claim of discrimination under the ADEA by using either direct or circumstantial evidence of discrimination. *See Clark v. Coats & Clark, Inc.*, 990 F.2d 1217, 1226 (11th Cir. 1993). The district court found that Jones could not make out a case based on either direct or circumstantial evidence. Jones avers that the district court erred in making that finding.

A. Direct Evidence

Jones argues that he proffered direct evidence in the form of statements made by Fleming and Bogaty. The statements to which Jones is referring were made during the arbitration hearing and did not refer to statements made during the decisionmaking process. In order to constitute direct evidence, the evidence must directly relate in time and subject to the adverse employment action at issue. *See Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1330 (11th Cir. 1998) ("[R]emarks . . . unrelated to the decisionmaking process itself are not direct evidence of discrimination."); *see also Scott v. Suncoast Beverage Sales, Ltd.*, 295 F.3d 1223, 1227-28 (11th Cir. 2002) (concluding, in a Title VII race discrimination suit, that the statement "We'll burn his black ass" was not direct evidence of discrimination where it was made two and half years prior to plaintiff's termination). Because the statements here were made subsequent to the RIF and did not refer to statements made during the decision-making process, the

5

statements are not direct evidence of age discrimination.

## B. Circumstantial Evidence

Jones argues in the alternative that the district court erred when it found that he did not establish a prima facie case of age discrimination based on circumstantial evidence. To evaluate claims based on circumstantial evidence of discrimination, we use the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). *See Chapman v. AI Transport*, 229 F.3d 1012, 1024 (11th Cir. 2000). Specifically, in a RIF case and where a position is eliminated in its entirety:

> the plaintiff establishes a prima facie case [of age discrimination] by demonstrating (1) that []he was in a protected age group and was adversely affected by an employment decision, (2) that []he was qualified for [his] current position or to assume another position at the time of discharge, and (3) evidence by which a fact finder could reasonably conclude that the employer intended to discriminate on the basis of age in reaching that decision.

*Smith v. J. Smith Lanier & Co.*, 352 F.3d 1342, 1344 (11th Cir. 2003). Here, there is no dispute that Jones was in the protected age group or that he suffered an adverse employment action. Nevertheless, the district court concluded that Jones failed to establish a prima facie case, because, under the second requirement, he could not show that he was qualified for another position at the time of the RIF and, under the third requirement, he could not show that there was evidence of

6

discriminatory intent.

Upon review of the record, we conclude that the district court erred in its analysis of the second requirement because at the time of the RIF, Vu and Jones were doing the same jobs, and thus, Jones could prove that he was qualified to assume another position. Even though Vu's education arguably gave him more flexibility for the future in the company, at the time of the RIF, Vu took over the same tasks for which Jones had been responsible. Thus, Jones was qualified for Vu's position and Jones can establish the second prong of the prima facie case.

The district court, however, properly concluded that Jones failed to show any evidence of intent to discriminate. To establish intent, Jones needed to proffer evidence that could lead a factfinder to conclude that "(1) [the] defendant consciously refused to consider retaining a plaintiff because of his age, or (2) [the] defendant regarded age as a negative factor in such consideration." *Allison v. Western Union Tel. Co.*, 680 F.2d 1318, 1321 (11th Cir. 1982). The evidence in the record established that BE&K chose to terminate Jones and retain Vu because Vu's engineering degree made him more valuable for the future needs of the company and more suited to the demands of BE&K's clients. Therefore, because Jones could not show that BE&K had an intent to discriminate against him based on his age, he could not establish a prima facie case of age discrimination and,

thus, summary judgment was proper.[3]

III. CONCLUSION

For the foregoing reasons, the district court's grant of summary judgment for BE&K is AFFIRMED.

---

[3]Because we conclude that Jones could not establish a prima facie case of age discrimination we need not address whether BEK proffered a legitimate, non-discriminatory reason for its decision. *See Chapman*, 229 F.3d at 1024.