[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 30, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-13670

_____

D. C. Docket No. 04-00020-CV-CDL-4

SANDRA J. DAVIS,

Plaintiff-Appellee,

VELMA B. DUNCAN, et al,

Plaintiffs,

versus

VALLEY HOSPITALITY SERVICES, LLC,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(November 30, 2006)

Before BIRCH, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Defendant Valley Hospitality Services, LLC. ("Valley Hospitality") appeals the interlocutory order denying its motion for summary judgment against plaintiff Sandra J. Davis in her employment discrimination action.[1]

Davis, an over 40-year-old African-American woman, was employed as Front Office Manager at the Wyndham hotel in Columbus, Georgia. During her employment, the hotel had eight department managers, including the Front Office Manager, who reported to the General Manager. As Front Office Manager, Davis managed seven to ten employees, and supervised five areas including the bell staff, communications, front desk, reservations, and security. In October 2002, Valley Hospitality was chosen to take over management of the hotel and began planning toward that end. The Wyndham's acting general manager held a meeting with the hotel managers in late October 2002, advised them of the anticipated changes in management organization, and asked each employee to complete a new application for employment and submit to a drug test. On 31 October 2002, Davis completed an application for employment for the position of "Guest Service Manager." Exh. 66 at Exh. 4.

---

[1] This appeal was consolidated with Nos. 05-13107 and 05-13342, appeals filed by plaintiffs Velma B. Duncan, Rosa Brown, and Annette Amick from orders which, respectively, denied their motion for class certification and granted Valley Hospitality summary judgment on their employment discrimination claims. In the separate opinion issued in those appeals, we vacated the consolidation of those appeals with this case.

On 1 November 2002, Valley Hospitality took over full control of the Wyndham. It reorganized the hotel management into three functional areas: sales, finance, and general hotel operations. The general hotel operations were organized into two departments which were supervised by executives: the Rooms Department and the Food and Beverage Department. The Rooms Department Executive was given supervision of a newly created of Front Desk Supervisor; the staff previously assigned to the Front Office Manager, including the bell staff, communications, reservations, and security; and other staff, including housekeeping, laundry, and maintenance. The Front Desk Supervisor oversaw only the front desk and its staff, lost supervision of numerous positions previously assigned to the former Front Office Manager, and earned less than the former Front Office Manager. The newly created positions, including "front desk clerks," were advertised in the local newspaper on 3 November 2002. Exh. 66 at 103-04, Exh. 7.

On 4 November 2002, Davis was terminated because her position was eliminated. Immediately after being advised of her termination, she asked whether there were any other positions that she could do at the hotel. She was told "no." Exh. 66 at 71-72.

The Front Desk Supervisor position was filled on 4 November 2002 with an African-American male. He was dismissed on 6 November when his drug test

came back positive, and was replaced by a 24-year-old white female who transferred from another Valley Hospitality property.

On 19 November 2002, Davis filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). In her charge, she stated that she was "discharged from [her] position as Front Desk Manager/Supervisor" despite assurances that she would remain in her position following a change of ownership. R1-31, Exh. A. She alleged that she was "discriminated against . . . based on [her] race (Black)." Id.

Davis subsequently brought an action against Valley Hospitality under 42 U.S.C. § 1981 and 29 U.S.C. §§ 623, alleging that she was discharged on the basis of her race and age, respectively. She requested job reinstatement and monetary damages. She argued that her position was not truly eliminated but was merely renamed and that the position was filled with a younger white woman. Valley Hospitality moved for summary judgment, and explained that all of the hotel's employees were required to complete a new employment application during the reorganization. Although Davis stated that she wanted another position at the hotel, she also answered "[n]o" when asked if she wanted to be transferred to a different position within the hotel. Exh. 66 at 107-08. Valley Hospitality responded that Davis failed to apply for any advertised position with the hotel after

4

her position was terminated.

The district court denied Valley Hospitality's motion for summary judgment as to Davis's individual disparate treatment claim. It found that Davis had established a prima facie case of both race and age discrimination and that, although Valley Hospitality had articulated a legitimate nondiscriminatory reason for eliminating her position, it had not provided a legitimate nondiscriminatory reason for not rehiring her. The court reasoned that Davis's 31 October application for Guest Services Manager constituted an application for the Front Desk Supervisor position because she had no way of applying for the newly created Front Desk Supervisor position when she completed her application. The district court denied Valley Hospitality's motion for reconsideration, and certified the denial of summary judgment as to Davis's claims for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

On appeal, Valley Hospitality argues that the district court improperly found that it had discriminated against Davis by failing to hire her for the Front Desk Supervisor position because she never asserted a failure to hire claim in the case. It maintains that her case is based on solely on her termination. It notes that she conceded this point in her response to Valley Hospitality's motion for reconsideration when she stated:

> The employment action that discriminatorily affected [Davis] was the discharge of her from employment with [Valley Hospitality] .
>
> . . .
>
> . . . .
>
> This is not a failure to hire case, but as [Davis] correctly alleged in the Amend[ed] Complaint that [she] was discharged [based on her race and age].

R4-89 at 2.

In employment discrimination actions, the plaintiff's judicial complaint is limited to "the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Mulhall v. Advance Sec., Inc., 19 F.3d 586, 589 n.8 (11th Cir. 1994). The complaint must provide "'a short and plain statement of the claim' that will give the defendant fair notice of . . . the . . . claim . . . and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 103 (1957) (citing Fed. R. Civ. P. 8(a)). Allegations which fail to provide such notice are appropriately subject to summary judgment. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514, 122 S. Ct. 992, 998 (2002).

To assert a failure to hire claim, the plaintiff must show, inter alia, that she applied for a job for which she was qualified and which was available at the time of her termination. Smith v. J. Smith Lanier & Co., 352 F.3d 1342, 1344-45 (11th Cir. 2003) (per curiam). A plaintiff who has knowledge of an advertised position, but fails to formally apply for it, is unable to show that she applied for the position.

6

Id. at 1345-46. "A general interest in being rehired without submitting an application is not enough to establish a prima facie case of age discrimination when the defendant-employer has publicized an open position."[2] Id. at 1345.

A claim of wrongful discharge is not the equivalent of a claim of failure to hire. Davis's EEOC wrongful discharge claim and the resulting investigation would not trigger an inquiry into Valley Hospitality's hiring policies. She did not apply for an advertised position after Valley Hospitality had reorganized the management positions and she was terminated. Further, Davis expressly stated that she was not raising a failure to hire claim. Accordingly, the district court erred by finding that a rehiring claim was raised and by denying Valley Hospitality's motion for summary judgment regarding her discharge.

The district court's denial of Valley Hospitality's motion for summary judgment on Davis's claims is, therefore, **REVERSED** and the matter is **REMANDED** for further proceedings consistent with this opinion.

---

[2] Although we have noted that the lack of an application for a specific job would not defeat a failure to hire claim where the plaintiff applied for "work" but was initially told that no full-time positions were available, we explained that the plaintiff learned of the possibility of a position "by word of mouth" and that "[t]he defendant did not advertise its job openings." Carmichael v. Birmingham Saw Works, 738 F.2d 1126, 1129, 1132 (11th Cir. 1984). We commented that the plaintiff "was not required to do more than indicate as best he could that he would take any available job" and "could not be expected to ask for a [specific] position when he did not know one was available." Id. at 1132.

7