[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-13121
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 25, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:07-cv-01949-GET

NATASHA WILLIAMS,
KEITH DAVIS,

Plaintiffs-Appellants,

versus

WASTE MANAGEMENT, INC.,
d.b.a. Alpharetta Transfer Station, LLC,

Defendant,

ALPHARETTA TRANSFER STATION, LLC,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(January 25, 2011)

Before HULL, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Keith Davis,[1] an African-American male, appeals from the district court's grant of summary judgment in favor of his employer, Alpharetta Transfer Station ("ATS"), in his employment discrimination lawsuit alleging failure to promote in violation of 42 U.S.C. § 1981, and retaliation in violation of Title VII, 42 U.S.C. § 2000e-3(a), and 42 U.S.C. § 1981.[2]

Davis began working for Waste Management, Inc., ATS's parent company, in 2002 and was transferred to ATS in 2005. In 2005, Davis submitted a vacation request from his supervisor, Billy Rice. Although Rice initially approved the request, he later withdrew it when a white coworker, Jerry Hussey, requested leave for the same time period. Davis also complained to Rice about Hussey's racial slurs. In January 2006, Davis contacted ATS's Integrity Hotline to report Hussey's alleged inappropriate behavior. The company sent an investigator and

---

[1]Davis and a second plaintiff, Natasha Williams, originally filed their amended complaint together. The district court granted summary judgment to ATS on its motions for summary judgment against both Williams and Davis, and both plaintiffs appear on the notice of appeal. However, only Davis has filed a brief, and thus only Davis's claims are before us.

[2] Davis raised a Title VII race discrimination claim for failure to promote before the district court, which granted summary judgment to ATS. Because Davis does not argue his Title VII racially discriminatory failure to promote claim on appeal, it is abandoned. *Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1317 n.17 (11th Cir. 1999).

ultimately Hussey was fired.

In April 2006, Davis took vacation. He was on leave from April 3 through 10. On April 11, ATS posted a job opening for a lead equipment operator. The posting instructed anyone interested to apply by letter to Rice by April 14. Per ATS's internal policies, when a open position required interested employees to submit written applications, management would not consider anyone who did not submit one. Although Davis believed that he was first in line for a promotion, he did not apply for the job. Tim Queen, who had transferred into the department a month earlier, and one other person applied for the job; Queen was hired on April 24. Queen told Davis that he had been promised the position when he transferred to ATS. When Davis asked Rice about the job on April 25, Rice told him that Queen had been hired.

Based on these events, Davis filed a complaint in state court alleging retaliation and failure to promote. ATS removed the action to federal court and moved for summary judgment. In its motion, ATS argued that Davis's failure to apply for the open position was fatal to both claims. ATS further argued that the three-month gap between Davis's complaint about Hussey and the denial of a promotion negated any claim of retaliation.

The magistrate judge recommended that the motion for summary judgment

3

be granted with respect to Davis's Title VII discrimination claim because Davis had failed to exhaust administrative remedies. The magistrate judge recommended that the § 1981 discrimination and retaliation and the Title VII retaliation claims proceed. After the parties filed their objections to the recommendations, the district court granted summary judgment on all claims. According to the court, Davis's failure to apply for the position negated his *prima facie* case of discrimination and retaliation. Davis now appeals.

We review a district court's order granting summary judgment *de novo*. *Fanin v. U.S. Dep't of Veterans Affairs*, 572 F.3d 868, 871 (11th Cir. 2009). Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "Genuine disputes are those in which the evidence is such that a reasonable jury could return a verdict for the non-movant. For factual issues to be considered genuine, they must have a real basis in the record." *Ellis v. England*, 432 F.3d 1321, 1325-26 (11th Cir. 2005) (citation and quotation marks omitted). "[M]ere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." *Id.* at 1326.

Davis raises two issues on appeal. First, with regard to his § 1981 failure to promote claim, Davis argues that, although he did not formally apply for a particular promotion, he nonetheless informally applied and ATS was aware of his interest in the position. Davis also argues that, to the extent that the law requires a formal application for a position, one or more exceptions are applicable to his case.

As to his second claim, Davis argues that a jury could find that his supervisor decided to promote Queen instead of him in retaliation for Davis's earlier complaints about Hussey's racially derogatory epithets and actions.

I.

Section 1981 prohibits racial discrimination in the making and enforcement of contracts. 42 U.S.C. § 1981. To establish a *prima facie* case of racially discriminatory failure to promote, a plaintiff may establish that: (1) he belongs to a racial minority; (2) he was qualified for *and applied for* a position that the employer was trying to fill; (3) he was denied the position; and (4) a non-member of the protected class was hired. *See Combs v. Plantation Patterns*, 106 F.3d 1519, 1539 n.11 (11th Cir. 1997) (emphasis added). If an employer uses formal procedures to announce positions and identify candidates, the plaintiff must show that he applied for the position. *See Vessels v. Atlanta Indep. Sch. Sys.*, 408 F.3d

5

763, 768 (11th Cir. 2005) (holding that where an employer uses informal procedures to identify candidates, instead of formally applying, a plaintiff need only demonstrate that the employer had some reason to know of his interest in the position). Furthermore, when an employer has publicized an open position and requires a formal application, a general interest in the position is insufficient to satisfy the application requirement. *See Smith v. J. Smith Lanier & Co.*, 352 F.3d 1342, 1345-46 (11th Cir. 2003) (applying the application requirement to age discrimination claim).

A plaintiff may establish a *prima facie* case of discrimination without having applied for the position, however, if he can show that he had a "justifiable belief" that the employer's discriminatory hiring practices made application a futile gesture. *EEOC v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1274 (11th Cir. 2002).

> To have a 'justifiable belief' for purposes of this exception to the application requirement, a person must demonstrate: (1) that []he had a real and present interest in the job for which the employer was seeking applications; and (2) that []he would have applied for the job but effectively was deterred from doing so by the employer's discriminatory practices.

*Id.* The Supreme Court has characterized the types of discriminatory practices that render an application futile; they are "the most entrenched forms of

6

discrimination" that will "deter job applications from members of minority groups." *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 367 (1977).

Because Davis failed to formally apply for the promotion, his failure-to-promote claim could only survive a motion for summary judgment if he showed that he had a "justifiable belief" that ATS's discriminatory hiring practices made application a futile gesture. Davis presented no evidence that ATS engaged in systematic discrimination that had successfully deterred job applicants from members of minority groups. He has offered nothing other than his own conjecture that submitting an application would have been futile. Therefore, his failure to apply remained unexcused, and the district court properly granted ATS's motion for summary judgment on Davis's § 1981 claim for failure to promote.

## II.

Title VII and § 1981 prohibit employers from taking adverse actions against employees in retaliation for their opposition to statutorily prohibited racial discrimination.[3] 42 U.S.C. § 2000e-3(a); *CBOCS West, Inc. v. Humphries*, 553 U.S. 446, 455-56 (2008).

To establish retaliation under Title VII and § 1981, a plaintiff may prove

---

[3] In the employment context, the same substantive analysis applies to § 1981 and Title VII claims of retaliation. *Turnes v. Amsouth Bank, N.A.*, 36 F.3d 1057, 1060 (11th Cir. 1994).

that: (1) he engaged in statutorily protected activity; (2) he suffered a materially adverse action; and (3) there was a causal connection between the protected activity and the adverse action. *Butler v. Ala. Dep't of Transp.*, 536 F.3d 1209, 1212-13 (11th Cir. 2008). To satisfy the adverse-action requirement, the plaintiff may show that "a reasonable employee would have found the challenged action materially adverse." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006). A materially adverse action is one that "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Id.* (quotation omitted).

"The causal link element is construed broadly so that a plaintiff merely has to prove that the protected activity and the negative employment action are not completely unrelated." *Pennington v. City of Huntsville*, 261 F.3d 1262, 1266 (11th Cir. 2001) (quotations omitted). "At a minimum, a plaintiff must generally establish that the employer was actually aware of the protected expression at the time it took adverse employment action." *Clover v. Total Sys. Serv., Inc.*, 176 F.3d 1346, 1354 (11th Cir. 1999) (quotation omitted). Causation may be inferred by close temporal proximity between the protected activity and the adverse employment action. *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007). "But mere temporal proximity, without more, must be very close." *Id.*

(quotation omitted). Accordingly, if a plaintiff relies on temporal proximity alone to show causation, and "there is a substantial delay between the protected expression and the adverse action, the complaint of retaliation fails as a matter of law." *Id.* A three to fourth month gap is insufficiently proximate to establish causation. *Id.*

The failure to promote Davis had to be "very close" to the time that he filed his January 2006 complaint. Davis contends that a jury could find that Queen was actually selected for the open position in March 2006, which would shorten the time between Davis's complaint and the decision not to promote him to two months. Even if we considered this time frame, the two-month gap may be "closer" in time, but it is not "very close." Accordingly, Davis failed to establish a *prima facie* case of retaliation under Title VII and § 1981, and the district court properly granted ATS's motion for summary judgment as to Davis's retaliation claims.

**AFFIRMED.**