[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10582
Non-Argument Calendar
_____

D.C. Docket No. 0:12-cv-61933-RSR

BRUCE AYALA,

Plaintiff-Appellant,

versus

SHERIFF, BROWARD COUNTY FLORIDA,
Al Lambert in his official capacity,

Defendant-Appellee.

_____

Appeal from the United States District court
for the Southern District of Florida
_____

(February 19, 2015)

Before WILSON, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Bruce Ayala appeals the grant of summary judgment for his former employer, the Sheriff of Broward County, Florida.  Ayala brought suit under the Age Discrimination in Employment Act, 29 U.S.C. § 621, and the Florida Civil Rights Act of 1992 (FCRA), Fla. Stat. Ann. § 760.01.  Ayala averred that the Sheriff eliminated his position in the crime lab as part of a reduction in force (RIF) based on his age.  The district court concluded that Ayala failed to establish a prima facie case of age discrimination because he did not show that he was qualified for another available position at the time of the RIF.  Ayala contends this was error, because he was qualified to assume two other positions: one held by Deborah Friedman, a younger employee whom the Sheriff retained, and a vacant position.  After a thorough review of the record, we affirm.

We review de novo the grant of summary judgment, viewing the evidence in the light most favorable to the nonmoving party.  Castleberry v. Goldome Credit Corp., 408 F.3d 773, 785 (11th Cir. 2005).  Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

The ADEA forbids discharging an employee who is at least 40 years of age "because of" the employee's age.  See 29 U.S.C. §§ 623(a)(1), 631(a).  To prevail on an age-discrimination claim, "[a] plaintiff must prove by a preponderance of the evidence (which may be direct or circumstantial), that age was the 'but-for' cause

2

of the challenged employer decision." Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, 177–78, 129 S. Ct. 2343, 2351 (2009). The FCRA makes it unlawful to "discharge or to fail or refuse to hire any individual . . . because of" that individual's age. Fla. Stat. Ann. § 760.10(1)(a). "Age discrimination claims brought under the Florida Civil Rights Act have been considered within the same framework used to decide actions brought pursuant to the ADEA." Zaben v. Air Prods. & Chems., Inc., 129 F.3d 1453, 1455 n.2 (11th Cir. 1997) (per curiam).

Where, as here, a plaintiff seeks to establish age discrimination through circumstantial evidence, the district court uses the burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817 (1973). See Chapman v. AI Transp., 229 F.3d 1012, 1024 (11th Cir. 2000) (en banc). Under this framework, if a plaintiff establishes a prima facie case of discrimination, the defendant must articulate a legitimate, nondiscriminatory reason for its employment decision; in response, the plaintiff is afforded an opportunity to show that the reason is a pretext for discrimination. Id.; McDonnell Douglas, 411 U.S. at 804, 93 S. Ct. at 1825.

A plaintiff may establish a prima facie case of age discrimination in the RIF context by showing that: (1) he was in a protected age group and was adversely affected by an employment decision; (2) he was qualified for his current position or to assume another available position at the time of discharge; and (3) the

3

evidence could lead a factfinder reasonably to conclude that the employer intended to discriminate on the basis of age. Smith v. J. Smith Lanier & Co., 352 F.3d 1342, 1344 (11th Cir. 2003) (per curiam). Here, the district court did not err in holding that Ayala failed to establish a prima facie case of age discrimination. Ayala did not show the second element of the prima facie case—that he was qualified to assume another available position at the time of his discharge.[1]

The ADEA "does not mandate that employers establish an interdepartmental transfer program during the course of an RIF, or impose any added burden on employers to transfer or rehire laid-off workers in the protected age group as a matter of course." Id. (alteration adopted) (citation omitted). The Act "simply provides that a discharged employee who applies for a job for which she is qualified and which is available at the time of her termination must be considered for that job along with all other candidates, and cannot be denied the position based upon her age." Id. at 1344–45 (quotation omitted). "Nothing in the ADEA requires that younger employees be fired so that employees in the protected age group can be hired." Earley, 907 F.2d at 1083 (alteration adopted) (citation omitted).

---

[1] Showing that he was qualified for his current position would not satisfy this element. "Where a particular job position is entirely eliminated for nondiscriminatory reasons, for plaintiff to prevail against his employer he must show that he was qualified for another available job with that employer; qualification for his current position is not enough." Earley v. Champion Int'l Corp., 907 F.2d 1077, 1082–83 (11th Cir. 1990).

Ayala points to two positions, but neither satisfies the second element of the prima facie case: one position was unavailable, and he did not apply for the other. Friedman took her job in 2009, before Ayala's termination in 2010. So that position was not available to Ayala. And Ayala admitted that he did not apply for the vacant position. See Smith, 352 F.3d at 1345 (discussing an employee's "obligation to actually apply for a specific position"). Ayala did not show that he was qualified for another available position at the time he was discharged, so the district court properly held that he did not show a prima facie case of age discrimination.

AFFIRMED.