**Olivia WILLIAMS, Plaintiff-Appellant,**

v.

**VWR INTERNATIONAL, LLC, Defendant-Appellee.**

**No. 16-11541**
**Non-Argument Calendar**

United States Court of Appeals, Eleventh Circuit.

(April 18, 2017)

---

Michael Oliver Mondy, Michael O. Mondy, PC, Atlanta, GA, for Plaintiff-Appellant

Olivia Williams, Pro Se

David J. Woolf, DeMaris Elizabeth Trapp, Drinker Biddle & Reath, LLP, Philadelphia, PA, David Neas Schaeffer, David Schaeffer Law Firm, LLC, Atlanta, GA, for Defendant-Appellee

Before MARCUS, JULIE CARNES and JILL PRYOR, Circuit Judges.

PER CURIAM:

Olivia Williams appeals the district court's grant of summary judgment in favor of defendant VWR International, LLC ("VWR") on her failure-to-promote claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1) ("Title VII"). On appeal, Williams argues that the district court erred in: (1) holding that she did not present a prima facie case that VWR discriminated against her when it did not promote her to a "tele-sales representative position" in January 2008; (2) failing to conclude that VWR's proffered reasons for promoting a white employee to the position were pretext for discrimination; and (3) refusing to consider allegations about different positions to which she was not promoted. After thorough review, we affirm.

We review a grant of summary judgment de novo. McDowell v. Brown, 392 F.3d 1283, 1288 (11th Cir. 2004). Summary judgment is proper when the movant has shown that there is no genuine dispute as to any material fact and that she is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In our review, we must make all reasonable inferences from the facts in favor of the nonmovant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Conclusory allegations are insufficient to defeat a motion for summary judgment. Leigh v. Warner Bros., Inc., 212 F.3d 1210, 1217 (11th Cir. 2000). A genuine dispute only exists where a jury could reasonably find for the nonmovant; a mere "scintilla of evidence" supporting the nonmovant's position cannot overcome a motion for summary judgment. Walker v. Darby, 911 F.2d 1573, 1576-77 (11th Cir. 1990).

We do not demand literal compliance with the requirement that plaintiffs exhaust their administrative remedies with the EEOC prior to filing a Title VII suit, and "[a]s long as allegations in the judicial complaint and proof are reasonably related to charges in the administrative filing and no material differences between them exist, the court will entertain them." Wu v. Thomas, 863 F.2d 1543, 1547 (11th Cir. 1989) (quotation omitted). However, "[a]t the summary judgment stage, the proper procedure for plaintiffs to assert a new claim is to amend the complaint in accordance with Fed. R. Civ. P. 15(a). A plaintiff may not amend her complaint through argument in a brief opposing summary judgment." Gilmour v. Gates, McDonald & Co., 382 F.3d 1312, 1315 (11th Cir. 2004).

Title VII makes it unlawful for any employer to discharge or otherwise discriminate against any individual because of their race. 42 U.S.C. § 2000e-2(a)(1). In evaluating a Title VII claim for failure to promote on the basis of race, we apply the burden-of-proof framework outlined in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). See, e.g., Walker v. Mortham, 158 F.3d 1177, 1183, 1185 (11th Cir. 1998). Under this analysis, the plaintiff must first establish a prima facie case of discrimination, which raises a presumption of discrimination. Id. at 1184. If the plaintiff does so, the defendant may rebut the prima facie case by articulating a legitimate, nondiscriminatory reason for the adverse employment action. Id. If the defendant rebuts the prima facie case, the presumption of discrimination drops, and the plaintiff must persuade the trier of fact that the defendant's offered explanation(s) are pretext for discrimination. Id.

To establish a prima facie case of racially discriminatory failure to promote, a plaintiff must establish that: (1) she was a member of a protected class, (2) she was qualified for and applied for the job, (3) she was rejected, and (4) someone outside of that protected class was promoted. Vessels v. Atlanta Indep. Sch. Sys., 408 F.3d 763, 768 (11th Cir. 2005). However, there are certain exceptions that allow a plaintiff to establish a prima facie case even if she did not apply for the position at issue. See, e.g., id.; E.E.O.C. v. Joe's Stone Crabs, Inc., 296 F.3d 1265, 1274 (11th Cir. 2002). One exception is the "informal process" exception, where a plaintiff need not show that she applied for the job if she can show that the employer "d[id] not formally announce [the] position, but rather use[d] informal and subjective procedures to identify a candidate." Vessels, 408 F.3d at 768. However, under this exception the plaintiff must still show that the employer had some reason to consider her for the position. Id. We have not given a precise definition or test for what constitutes an informal hiring process, but we've rejected an argument that a hiring process was informal when the employer had formally posted vacant positions on its website or in local newspapers and required candidates to file an application, and the plaintiff knew about the position but chose not to formally apply. Smith v. J. Smith Lanier & Co., 352 F.3d 1342, 1346 (11th Cir. 2003). In Smith, we distinguished the prior case of Carmichael v. Birmingham Saw Works, 738 F.2d 1126, 1133 (11th Cir. 1984), which "involved a system where there was no formal notice of jobs, and the company relied on word of mouth and informal review procedures," and thus the plaintiff "had no way of knowing about [a specific job's] availability." Smith, 352 F.3d at 1346.

Another exception is the "futile gesture" exception, where a plaintiff need not show that she applied for the job if she had a "justifiable belief that the employer's discriminatory practices made application a

futile gesture." Joe's Stone Crabs, Inc., 296 F.3d at 1274. To have a "justifiable belief" for purposes of the "futile gesture" exception to the application requirement, a plaintiff must demonstrate: "(1) that she had a real and present interest in the job for which the employer was seeking applications; and (2) that she would have applied for the job but effectively was deterred from doing so by the employer's discriminatory practices." Id. We've considered an applicant's inquiry into the hiring process to be indicative of a real and present interest in the job. See id. at 1275. The Supreme Court has described the types of discriminatory practices that render an application futile as "the most entrenched forms of discrimination." Int'l Bhd. of Teamsters v. United States, 431 U.S. 324, 367, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977). Conclusory allegations of discrimination, without more, are not sufficient to raise an inference of discrimination so as to defeat a motion for summary judgment. See Young v. Gen. Foods Corp., 840 F.2d 825, 830 (11th Cir. 1988).

Here, the district court did not err in finding that Williams failed to make a prima facie case that VWR discriminated against her by failing to promote her to the tele-sales position in 2008.[1] As the record shows, Williams did not actually apply for the position, and she is not able to show that an exception to the application requirement applies. First, the district court correctly determined that her claim did not fall within the "informal process" exception. Vessels, 408 F.3d at 768. Although Williams provided evidence that VWR breached its formal job posting policy and did not post the position on its intranet until after it had chosen which candidate it would promote, Williams presented no evidence that creates an issue of fact as to whether the job was posted on the company's external website. Further, the evidence is undisputed that the position was posted on third-party websites, 33 candidates applied by submitting resumes, and that VWR conducted formal interviews. On this undisputed record, the evidence indicates that VWR used a formal process. See Smith, 352 F.3d at 1346.

Moreover, even if the hiring process was informal, Williams failed to show that the relevant decision-maker, Robert Schultz, had any reason to consider her for the positon. As the undisputed record reveals, Williams testified that she never spoke to Schultz about the position and did not believe that Schultz was ever aware that she was interested in the position. Vessels, 408 F.3d at 768. Schultz testified that he was never told by anyone, including Williams's supervisor Jan Knight, that she was interested in the position, and never considered her for the position. Williams also presented evidence that VWR had a "Job Progression Promotion Policy" through which employees were considered for advancement based on their performance, and which did not require employees to submit applications for promotions. But this policy only applied to promotions within the department the employee was cur-

---

1. In addition, Williams's argument that the district court erred in failing to consider her additional failure-to-promote claims fails. Early in the proceedings, the district court dismissed all claims except for the failure-to-promote claim regarding the tele-sales position filled in January 2008. While it is true that Williams is permitted to raise additional claims discovered during discovery if they are reasonably related to the facts alleged in her EEOC complaint, she still must comply with general pleading rules for these claims. See Wu, 863 F.2d at 1547. But Williams never moved the district court to amend her complaint—which she should have done if she was seeking relief for these additional allegations. Gilmour, 382 F.3d at 1315. Williams cannot raise new claims through a response to a motion for summary judgment. Id.

rently working in, so it did not apply here, since Williams was working in the customer service department and the tele-sales position was in the sales department. Indeed, Schultz was not Williams's supervisor and did not know her. Therefore, VWR had no reason to consider Williams for the tele-sales position, and Williams cannot show that she fell within the "informal process" exception to the application requirement.

Nor did the district court err in finding that Williams failed to establish that her application would have been a futile gesture. Williams testified that she never expressed an interest in the position to anyone. While she sent an email to her supervisors in 2006 expressing a general interest in advancement, it was sent one-year earlier to people who were not decision-makers for the tele-sales position. These facts are insufficient to demonstrate that Williams had a real and present interest in the tele-sales position at issue. See Joe's Stone Crabs, Inc., 296 F.3d at 1275. Further, Williams has not produced facts demonstrating the sort of entrenched forms of discrimination that would have made applying a futile gesture. Teamsters, 431 U.S. at 367, 97 S.Ct. 1843. Although she had been told that VWR only considered outside candidates for field sales positions, this allegation does not relate to the tele-sales position at issue and has no direct connection to race and, thus, does not demonstrate "entrenched discrimination." Id. Also, Williams testified that she received an email inviting her to apply to be a "team coordinator," which shows that she was encouraged to apply for promotions just as Schultz, a white employee, had been. Therefore, no evidence in the record supports her allegation that VWR had a policy of discrimination that was so pervasive that her application would have been a futile gesture. See Joe's Stone Crabs, Inc., 296 F.3d at 1274.

In short, the district court did not err in concluding that Williams had failed to show that there were disputed facts concerning her prima facie case of discrimination. Because this ruling is dispositive of Williams's failure-to-promote claim, we need not address the pretext issue. See Walker, 158 F.3d at 1183-84.

**AFFIRMED.**