[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-11663
Non-Argument Calendar

_____

D.C. Docket No. 4:18-cv-00213-AW-CAS


JAMES KIRKLAND,

                                                             Plaintiff - Appellant,

versus

CITY OF TALLAHASSEE,

                                                             Defendant - Appellee.


_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(April 1, 2021)

Before NEWSOM, LAGOA, and ANDERSON, Circuit Judges.

PER CURIAM:

James Kirkland, a male suffering from certain health limitations, was terminated at the age of 48 from his employment with the City of Tallahassee, Florida (the "City") as part of a reduction in force in 2017.  He appeals the district court's order of summary judgment against his claims of (1) retaliation under the Florida Whistleblower's Act, Fla. Stat. § 112.3187, *et seq.*; (2) interference and retaliation under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2615(a)(1); (3) retaliation under the Florida Worker's Compensation Act ("FWCA"), Fla. Stat. § 440.205; and (4, 5) age and disability discrimination under the Florida Civil Rights Act ("FCRA"), Fla. Stat. § 760.10.[1]  He argues that the district court erred in finding that he failed to show a *prima facie* case for his FMLA claims as well as his age and disability discrimination claims.  First, Kirkland asserts that he was demoted and transferred upon returning from FMLA leave, and that his leave was related to his later termination.  Second, he argues that the 2017 reduction in force targeted older employees, and he also identifies certain disparate treatment he allegedly suffered on this basis while still employed. Third, he alleges that he was teased and harassed because of his plantar fasciitis and irritable bowel syndrome ("IBS"), and that the City failed to reasonably

---

[1] Because the district court found that Kirkland, at least arguably, established a *prima facie* case of retaliation on his whistleblower and worker's compensation claims, he only appeals its subsequent finding that his claims, taken as a whole, failed because he could not show that the defendant's proffered explanation for his termination was pretextual.  Because that finding was based on substantially the same grounds as to all of Kirkland's claims, we will not address his whistleblower and worker's compensation claims specifically.

accommodate his disabilities.  Lastly, Kirkland disputes the district court's findings that, as to all five counts it heard, he failed to rebut the City's legitimate non-discriminatory explanation for his termination.[2]

We review a district court's grant of summary judgment *de novo*.  *United States Equal Emp't Opportunity Comm'n v. St. Joseph's Hospital, Inc.*, 842 F.3d 1333, 1342 (11th Cir. 2016).  Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  A factual dispute exists where a reasonable factfinder could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict.  *Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1300 (11th Cir. 2012).  In determining whether evidence creates a factual dispute, a court should draw reasonable inferences in favor of the nonmoving party, but inferences based upon speculation are not reasonable.  *Id.* at 1301.  To overcome a motion for summary judgment, the nonmoving party must present more than a scintilla of evidence supporting its position.  *Brooks v. Cty. Comm'n of Jefferson Cty., Ala.*, 446 F.3d 1160, 1162 (11th Cir. 2006).  We may affirm on any ground supported by the record.  *Long v. Commissioner of IRS*, 772 F.3d 670, 675 (11th Cir. 2014).

---

[2] Kirkland also identifies the following two issues in his brief's statement of the issues: (1) whether the district court erred by viewing the facts in a light more favorable to the appellee, and (2) whether it erred by impermissibly weighing the evidence.  However, to the extent those issues are not incorporated into his others, he does not advance any discrete arguments in support of either, and he has thus abandoned them on appeal.  *See Sapuppo v. Allstate Floridian Ins., Co.,* 739 F.3d 678, 681 (11th Cir. 2014).

We address each argument in turn.

## I. FMLA Claims

The FMLA grants an eligible employee a certain amount of leave for, among other things, a personal illness or required treatment of a "serious health condition." 29 U.S.C. § 2612(a)(1). An employee returning from covered leave also is entitled to be restored to his former position or its equivalent. *Id.* § 2614(a)(1). However, the right to restatement is not absolute. *See Krutzig v. Pulte Home Corp.*, 602 F.3d 1231, 1236 (11th Cir. 2010). A reinstatement *can be* insufficient "if it involves a reduction in pay, prestige, or responsibility." *Hinson v. Clinch Cty., Ga. Bd. Of Educ.*, 231 F.3d 821, 829 (11th Cir. 2000). We use an objective test, asking whether a reasonable person in the plaintiff's position would view the reinstatement or transfer as adverse. *Id.*

The FMLA creates two types of claims: (1) interference claims, in which an employee asserts that his employer denied or otherwise interfered with his substantive rights under the FMLA, and (2) retaliation claims, in which an employee asserts that his employer discriminated against him because he engaged in activity protected by the Act. *O'Connor*, 200 F.3d at 1352.

To establish that an employer interfered with his FMLA rights, an employee need only show by a preponderance of the evidence that (1) he was entitled to a benefit under the FMLA, and (2) his employer denied him that benefit. *Krutzig,*

602 F.3d at 1235. If, however, the employee alleges that the employer denied him the right to reinstatement following FMLA leave, "the employer has an opportunity to demonstrate that it would have discharged the employee even had [he] not been on FMLA leave." *O'Connor*, 200 F.3d at 1354. If the employer can do so, it is not liable. *Strickland v. Water Works and Sewer Bd. of City of Birmingham*, 239 F.3d 1199, 1208 (11th Cir. 2001).

To establish an FMLA retaliation claim, a plaintiff may demonstrate that: (1) he engaged in protected conduct under the FMLA; (2) he suffered an adverse action; and (3) there was a causal connection between the two. *See Krutzig*, 602 F.3d at 1234. We have identified a lower standard of causation in retaliation cases: we do not require "direct evidence of discrimination," but only that the plaintiff show his "protected activity and the adverse action were not wholly unrelated." *Goldsmith v. Bagby Elevator Co., Inc.*, 513 F.3d 1261, 1277–78 (11th Cir. 2008).

Here, the district court did not err in finding that Kirkland failed to establish a *prima facie* case of interference or retaliation under the FMLA. Initially, the parties' continuing dispute concerning the timing of the City's decisions to transfer Kirkland's asphalt heater truck to a different division, and then to transfer Kirkland himself to a different crew, is immaterial. Neither decision was the denial of a benefit sufficient to support Kirkland's interference claim, because his right to

5

reinstatement was not absolute. Concerning his retaliation claim, the only adverse action he identifies on appeal is his termination, which the City demonstrated was wholly unrelated to his FMLA leave. Other than the attenuated temporal proximity, the only evidence of causation Kirkland identified was the rescinded reprimand. The decisionmakers for Kirkland's termination were Tim Potter and Mike Tadros, whereas it was Dunaway who issued the reprimand, and it was Potter who rescinded it. Whatever the merit or implications of Dunaway's reprimand, Kirkland pointed to no evidence showing Dunaway had anything to do with the decision to terminate him. In other words, his FMLA leave and termination were "wholly unrelated." *See Goldsmith*, 513 F.3d at 1278. Therefore, we affirm in this respect.

## II. Age Discrimination Claim

The legal analysis for age discrimination claims under the Age Discrimination in Employment Act ("ADEA") and the FCRA is the same. *Zaben v. Air Prods. & Chems., Inc.*, 129 F.3d 1453, 1455 n.2 (11th Cir. 1997). The ADEA prohibits employers from discharging an employee who is at least 40 years of age "because of" that employee's age. *See* 29 U.S.C. §§ 623(a)(1), 631(a). In cases involving a reduction in force, as distinct from termination of an individual employee on unique grounds, the plaintiff may establish a *prima facie* case of age discrimination by showing:

(1) []he was in a protected age group and was adversely affected by an employment decision; (2) []he was qualified for [his] current position or to assume another available position at the time of discharge; and (3) the evidence could lead a factfinder reasonably to conclude that the employer intended to discriminate on the basis of age.

*Smith v. J. Smith Lanier & Co.*, 352 F.3d 1342, 1344 (11th Cir. 2003).

If the plaintiff establishes a *prima facie* case, and the employer proffers legitimate, nondiscriminatory reasons for its employment decision, then the plaintiff must show that the employer's proffered reasons were pretext for discrimination. *Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1358 (11th Cir. 1999).

Here, the record reflects that two people were involved in the decision to terminate Kirkland: supervisors Tim Potter and Mike Tadros. Of those two, Tadros relied on the recommendation of Potter, who in turn was unaware of Kirkland's age when he made that recommendation. In the absence of any evidence supplementing or contradicting these two key facts, Kirkland failed to show evidence of discriminatory intent necessary to set out a *prima facie* case of age discrimination, and we therefore affirm in this respect.

## III. Claims of Disability Discrimination

Disability discrimination claims under the FCRA are analyzed under the same framework as claims brought under the Americans with Disabilities Act

("ADA"). *Chanda v. Engelhard/ICC*, 234 F.3d 1219, 1221 (11th Cir. 2000). The ADA mandates that employers shall not discriminate against a qualified individual on the basis of disability in regard to, among other things, the discharge of employees and other terms, conditions, and privileges of employment. 42 U.S.C. § 12112(a). To establish a *prima facie* case of discrimination under the ADA, a plaintiff must show: (1) he is disabled; (2) he is a qualified individual; and (3) he was subjected to unlawful discrimination because of his disability. *Holly v. Clairson Indus., LLC*, 492 F.3d 1247, 1255–56 (11th Cir. 2007).

To show unlawful discrimination, a plaintiff must demonstrate that he suffered an adverse employment action. *Doe v. Dekalb Cty. Schools Dist.*, 145 F.3d 1441, 1445 (11th Cir. 1998). We employ an objective test: the plaintiff must demonstrate that a reasonable person in his position would view the challenged action as adverse. *Id.* at 1449. We have held that an adverse employment action must be something causing a "*serious and material* change in the terms, conditions, or privileges of employment." *Jefferson v. Sewon Am., Inc.*, 891 F.3d 911, 921 (11th Cir. 2018) (quotation marks omitted) (emphasis in original).

A disabled, otherwise qualified individual may also meet his burden by showing that the employer failed to provide a reasonable accommodation. *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1255 (11th Cir. 2001). The plaintiff bears the burden of both identifying an accommodation *and* demonstrating that the

8

accommodation allows him to perform the job's essential functions. *Id.* at 1255–56. Moreover, the accommodation need only be reasonable, not in the employee's desired manner. *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1286 (11th Cir. 1997).

Here, the record demonstrates that, at minimum, the City regarded Kirkland as having both IBS and a medical condition requiring accommodations with regard to his footwear. However, Kirkland failed to show that this caused his termination. His allegations of harassment do not rise to the level of an adverse employment action. Moreover, of the individuals Kirkland alleged treated him differently because of his disability, only Potter was involved in the decision to terminate him, and Kirkland identified no evidence of discriminatory treatment on his part. As for the City's alleged failure to accommodate, Kirkland does not dispute that it was an essential function of his work to be able to leave with the truck at 7:30 AM, and the record shows that the City made reasonable attempts to accommodate his plantar fasciitis. Thus, he failed to set out a *prima facie* case of disability discrimination, and we affirm in this respect.

IV. Claims with Respect to All Five Counts that the District Court Erred in Rejecting his Challenge to the City's Reduction in Force Reason for Termination

9

The *McDonnell Douglas*[3] burden-shifting framework applies to FMLA retaliation claims in the absence of evidence of intentional retaliation, and Florida utilizes the *McDonnell Douglas* framework for establishing whistleblower and workers' compensation retaliation claims. *Griffin v. Deloach*, 259 So.3 929, 931 (Fla. Dist. Ct. App. 2018) (whistleblower); *Andrews v. Direct Mail Exp., Inc.*, 1 S.3d 1192, 1193 (Fla. Dist. Ct. App. 2009). Further, the analytical process for age and disability discrimination claims under the FCRA is the same as that under, respectively, the ADEA and ADA. *Zaben*, 129 F.3d at 1455 n.2 (ADEA); *Chanda*, 234 F.3d at 1221 (ADA).

Accordingly, once a plaintiff establishes a *prima facie* claim for discrimination or retaliation under the FMLA, FWA, FWCA, or FCRA, the employer has the burden of "producing evidence that its action was taken for some legitimate, non-discriminatory reason." *Equal Emp't Opportunity Comm'n v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1272–73 (11th Cir. 2002). The "inquiry then proceeds to a new level of specificity," and the plaintiff must rebut the employer's proffered non-retaliatory reasons by showing that the reasons provided by the employer were pretext for its prohibited retaliatory conduct. *Id.* at 1273. The burden of persuasion remains with the plaintiff at all times. *Id.* A plaintiff must demonstrate "such weaknesses, implausibilities, inconsistencies,

---

[3] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

10

incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence." *Combs v. Plantation Patterns*, 106 F.3d 1519, 1538 (11th Cir. 1997) (quotation marks omitted). Ultimately, our inquiry is limited to "whether the employer gave an honest explanation of its behavior." *Chapman v. AI Transp.*, 229 F.3d 1012, 1030 (11th Cir. 2000) (*en banc*) (quotation marks omitted).

Here, Kirkland questions the necessity and implementation of the reduction in force, but he failed to introduce any evidence that was inconsistent with it as a legitimate explanation for his termination. If anything, his arguments that his replacements were less qualified than he was supports the City's explanation that his position was an unnecessary expense it sought to eliminate in the course of its efforts to improve efficiency. The evidence Kirkland identifies in support of his contention that the reduction in force was an attempt to cull "problem" employees indicates nothing other than the wide discretion supervisors had in selecting positions to be eliminated, and he failed to provide the context necessary to analyze the statistics as a whole. The district court properly found that Kirkland did not rebut the City's legitimate explanation regarding his FWA retaliation, FMLA retaliation, FWCA retaliation, and FCRA age and disability discrimination claims. Thus, summary judgment was proper, and we affirm.

**AFFIRMED.**